**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| AEL FINANCIAL, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 16-cv-07298 ) ) Judge Andrea R. Wood |
| LEON BAILEY, | ) ) |
| Defendant. | ) |

## ORDER

Defendant Leon Bailey's motion to dismiss [13] is denied. See the accompanying Statement for details.

## STATEMENT

This case involves the alleged breach of a guaranty agreement. Plaintiff AEL Financial, LLC seeks to recover pursuant to a guaranty entered into by Defendant Leon Bailey. AEL claims that Bailey breached the guaranty agreement by refusing to make payments when due. Now before the Court is Bailey's motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the purposes of Bailey's motion, this Court accepts as true all well-pleaded facts and views them in the light most favorable to AEL. *See, e.g.*, *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443–44 (7th Cir. 2009).

As alleged in the Complaint, AEL entered into Motor Vehicle Lease Agreement No. 67512 (the "Lease") with Fluid Logistics LLC for the lease of certain equipment. (Compl. ¶ 6, Dkt. No. 1.) Pursuant to the Lease, Fluid Logistics agreed to pay AEL fifty-seven monthly payments of $5,000. (*Id.* ¶ 7.) Bailey also executed a personal guaranty, promising prompt payment and performance of all obligations under the Lease. (*Id.* ¶ 8.) According to the guaranty agreement,

> [i]f [Fluid Logistics] defaults under the Agreement [Bailey] will immediately perform all obligations of [Fluid Logistics] under the Agreement including but not limited to, paying all amounts due under the Agreement. [Bailey] will pay to [AEL] all expenses including attorney's fees incurred by us in enforcing our rights against you or [Fluid Logistics].

(Compl. Ex. 1, Dkt. No. 1-1.) On October 31, 2009, Fluid Logistics executed the Certificate of Acceptance and thereafter began making monthly payments. (Compl. ¶¶ 9–10, Dkt. No. 1.) Fluid Logistics made eleven monthly payments and one partial payment under the Lease but failed to make any further payments. (*Id.* ¶ 10.) AEL then demanded payment from both Fluid Logistics

(under the Lease) and Bailey (under the guaranty agreement), but both refused. (*Id.* ¶ 18.) AEL now asserts a claim against Bailey for breach of the guaranty agreement, which Bailey seeks to dismiss based on AEL's purported failure to file suit within the time period prescribed by the statute of limitations.

A plaintiff's failure to file suit within the limitations period is an affirmative defense. *See* Fed. R. Civ. P. 8(c). Generally, complaints do not have to anticipate affirmative defenses to survive a motion to dismiss. *See United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). But there is an exception when "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations." *Id.*

In support of his motion to dismiss, Bailey argues that the guaranty is no longer enforceable because the statute of limitations to enforce the principal's underlying obligation has expired.[1] The Lease is subject to a four-year limitations period, 735 ILCS 5/2-725, which AEL concedes has already expired. Guarantees, however, are subject to a ten-year statute of limitations. 735 ILCS 5/13-206. Generally, a guaranty is an independent obligation separate from the underlying contract. As such, the ten-year statute of limitation applies to an action for beach of a guaranty, "even though the statute of limitations for suits to collect the underlying debt (the debt that the guarantor promises to repay if the debtor doesn't) is shorter." *Johnson v. Pushpin Holdings, LLC*, 821 F.3d 871, 875 (7th Cir. 2016); *see also Armbrister v. Pushpin Holdings, LLC*, 896 F. Supp. 2d 746, 755–56 (N.D. Ill. 2012) (finding that the ten-year statute of limitations applied to guarantees for equipment leases, despite the fact that the statute of limitations on the underlying debt had run).

Bailey relies on *Riley Acqusitions, Inc. v. Drexler*, 946 N.E.2d 957 (Ill. App. Ct. 2011), for the proposition that the extinguishment of a lease holder's obligations nullifies the obligations of the guarantor. But *Riley* is not clearly applicable to this case. In *Riley*, there were two principal debtors on the contract. One debtor's liability on the contract ended when it dissolved as a corporation and the other debtor's liability ended when it was released pursuant to a settlement agreement. *Id.* at 964. The *Riley* court held that when no principals remain on the contract, a "defendant may still be liable if the guaranty contract expressly provides for continuing liability in this situation." *Id.* at 964–65. Ultimately, the court found that the contract at issue in *Riley* did not make the guarantor liable when the principal was not. *Id.* at 966. Notably, however, the court's holding was not dependent on a statute of limitations defense and instead was based on the fact that the two principal debtors were absolved of liability. *Id.* ("Accordingly, we affirm the directed verdict on the ground of discharge and do not reach the alternative ground of the statute of limitations.").

Even assuming that *Riley* applies here, Bailey's guaranty would still be enforceable because his contract expressly provides for liability independent of the principal's liability. In interpreting Bailey's guaranty agreement, the Court applies general rules of contract

---

[1] Initially, Bailey argued that AEL's complaint was late under the four-year statute of limitations applicable to claims for breach of a contract for the sale of movable goods, as provided by 735 ILCS 5/2-725. In his reply brief, however, Bailey concedes the general proposition that the statute of limitations for a claim for breach of a guaranty agreement is actually ten years.

construction. *See AAR Aircraft & Engine Group, Inc. v. Edwards,* 272 F.3d 468, 470 (7th Cir. 2001). "Where the language of a contract is unequivocal, it must be carried out according to its language." *McLean Cnty. Bank v. Brokaw,* 519 N.E.2d 453, 456 (Ill. 1988). Here, the guaranty states, in pertinent part: "You agree that this is a guaranty of payment and not of collection, and that we can proceed directly against you without first proceeding against the Lessee or against the Property or collateral covered by the Agreement." It is clear from the language of the guaranty agreement that Bailey's obligations as a guarantor are separate and distinct from the principal's obligations. As a separate agreement, the guaranty is not dependent upon the limitations of the lease agreement. Consequently, the expiration of the statute of limitations for the lease agreement does not affect the viability of the guaranty.

For the aforementioned reasons, Bailey's motion to dismiss is denied.

Dated: June 14, 2017

_____
Andrea R. Wood
United States District Judge